Nash, C. J.
 

 The sole question upon which the case is before us, is upon the correctness of his Honor in ruling out the paper purporting to be the last will of Stephen "Westcott, under which the defendant claimed title to the
 
 locus in quo.
 

 The paper offered in evidence purports to be a copy of the last will of Stephen Westcott. There was no evidence that the original paper had ever been proved before any Court. The copy is taken from the will’s book of the proper County, but by what authority it was put there, does not appear. The registration of the original was of no more effect than would be the registration of a deed, which had not been duly .proved.
 

 It was contended that the paper writing was, at any rate, good as color of title. It could have no such effect. If the original, executed according to the statute, had been produced, and been duly proved on the trial, or if never proved and registered, its absence had been properly accounted for, and the paper offered been properly proved to be a true copy, it (the copy) might have been received as color of title. A copy of a deed can never be considered as color of title until it is shown that a deed did exist of which it is a true copy; so, neither can a copy of an alleged will. See
 
 Commissioners of Beaufort
 
 v. Duncan, 1 Jones’ Rep. 239 ;
 
 Callender
 
 v. Shermam, 5 Ire. Rep. 711;
 
 Drake
 
 v. Merrill, 2 Jones’ Rep. 374. There is no error.
 

 Per Curiam.
 

 Judgment affirmed.